UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STACEY PILLING,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD AUSTIN, as U.S. SECRETARY OF DEFENSE, and PETER FOREMAN individually and in his official capacity,<br><br>Defendants.<br>_______________________________/ | Case No. 1:24-cv-01293<br><br>Hon. Hala Y. Jarbou<br>U.S. District Chief Judge<br><br>Hon. Phillip J. Green<br>U.S. Magistrate Judge |

**DEFENDANTS' MEMORANDUM IN**
**SUPPORT OF THEIR MOTION TO EXTEND TIME**

There is good cause for a short, 13-day, extension of time for Defendants Lloyd Austin, Secretary, United States Department of Defense, and Peter Foreman to respond to the complaint. Neither party is prejudiced by the delay. This matter was recently transferred to this Court from the U.S. District Court for the District of Columbia. Although the district court for the District of Columbia entered an order denying Defendants' motion to dismiss and granting a transfer of venue on November 26, 2024, this Court did not receive it until December 10, 2024. During that time, this case was also being transferred from the U.S. Attorney's Office for the District of Columbia to the U.S. Attorney's Office for the Western District of Michigan. Moreover, the brief delay, therefore, does not impact any proceedings in this Court. The parties' joint status report is not due until January 9, 2025, Plaintiff's counsel is not yet admitted in this district, and the Court has not scheduled any deadlines associated with this matter or scheduled a trial date. Defendants acted in good faith and filed this motion with their proposed motion to dismiss answer within one business day of receiving the Court's order to show cause, and within 14 days

of this case being transferred to this Court. Despite that the delay was due to inadvertence and in Defendants' control, these factors are not sufficient under the circumstances to deny Defendants' motion, especially considering that federal courts favor trial on the merits and Plaintiff has not satisfied the requirements for a default against a federal agency under Federal Rule of Civil Procedure 55(d).

## BACKGROUND

Plaintiff filed her complaint in the U.S. District Court for the District of Columbia on January 29, 2024. On July 29, 2024, Defendants filed a motion to dismiss or alternatively, motion to transfer this case to the U.S. District Court for the Western District of Michigan. The court granted the motion to transfer this case and denied the motion to dismiss on November 26, 2024.

The Western District of Michigan received the case on December 10, 2024. (Notice, ECF No. 20, PageID.5.) On December 11, 2024, the Court sent an attorney admission letter to Plaintiff's counsel, who is not currently admitted to practice in this district. (Ltr., ECF No. 21.) The Court issued an order to prepare a joint status report on December 12, 2024. (Order, ECF No. 23, PageID.6–9.) The Joint Status Report is due on January 9, 2025. (*Id*. at PageID.6.)

## DISCUSSION

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure states that the Court may extend Defendants' time to file an answer to Plaintiff's complaint due to excusable neglect. Excusable neglect is an "elastic" concept and is "at bottom line an equitable one" and "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Courts consider five factors when assessing excusable neglect:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether

> the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.) In addition, Federal Rule of Civil Procedure 55(d) provides that a default judgment against an officer or agency of the United States may be entered "only if the claimant establishes a claim or right to relief be evidence that satisfies the court."

Here, the applicable factors support finding that Defendants' failure to file an answer on December 10, 2024, was the result of excusable neglect and there is good cause for a short extension. First, there is no prejudice to Plaintiff. On December 18, 2024, counsel for Defendants emailed Plaintiff's counsel to request concurrence in Defendants' motion to dismiss and counsel responded that he was in the process of locating Michigan counsel. (Ex. 1, Email.) It does not appear that Plaintiff is preparing discovery or is otherwise impacted by the short delay. The joint status report is due January 9, 2025, and Defendants' counsel prepared a draft and provided it to Plaintiff's counsel on December 16, 2024. (Ex. 2, Email.)

Second, the minor two-week delay in this litigation will not impact judicial proceedings. As discussed, the Court has not issued a case management order, the parties have not commenced discovery, and there are no pending motions or other matters before the Court that are impacted by this short delay.

The third and fourth factors also support finding excusable neglect and granting Defendants' motion. The reason for the less than 2-week delay was an administrative error in the calculation of the responsive pleading due date following the transfer of venue to this district. In fact, the 14-day period to answer following a motion to dismiss resulted in an answer deadline the same date this case was transferred to this Court, December 10th. Although inadvertence does not usually constitute excusable neglect, *Pioneer Inv. Servs. Co.*, 507 U.S. at 392, courts have also

recognized that "[t]here are instances where the best office systems and precautions fail and matters simply fall through the cracks; it is for those instances that the excusable neglect provision exists." *Chapa-Gonzalez v. Comm'r of Soc. Sec.*, No. 20-10655, 2020 WL 6382718, at *2 (E.D. Mich. Oct. 30, 2020) Thus, in *Pioneer*, the Supreme Court found excusable neglect when, despite counsel's inadvertence, there was no prejudice or impact on the judicial proceedings or administration of the case, and the Court found good faith. *Id*. at 397–98. This case involves a delay of only 13 days and courts have found excusable neglect in circumstances with far greater delays. In *Morgan v. Gandalf, Ltd.,* 165 F. App'x 425 (6th Cir. 2006), the court concluded that the district court did not abuse its discretion when it found excusable neglect despite counsel's eight-month delay in filing answer after the close of discovery due to inadvertence where there was no evidence of bad faith by the defendants, and they acted to remedy the error when they became aware of it. *Morgan*, 165 F. App'x at 429–430. This case is unlike *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 267 (6th Cir. 2009), where the court found that excusable neglect did not exist where the plaintiff's attorney failed to place the deadline to respond to the defendant's motion for summary judgment on his calendar because the delay would cause a "significant impact on the judicial proceedings" due to the upcoming pre-trial mediation and trial date. *Howard*, 306 F. App'x at 267. Here, the Court has not issued a case management order and the short delay does not, therefore, impact any current deadlines. Although the delay was in Defendants' control, the entry of default is disfavored. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990) ("Trials on the merits are favored in the federal courts." (citation omitted)); *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 846 (6th Cir. 1983) (same). This Court, should, accordingly, find excusable neglect despite that the reason for the delay was inadvertence. *Dennis v. Sharman*, No. 1:08-cv-01055-JDB-egb, 2010 WL 3928332, at *4 (W.D. Tenn. Oct. 4, 2010)

(granting additional time when the only factor favoring the untimely party was the reason for delay).

Finally, Defendants acted in good faith. The delay in filing the answer was not the result of any bad faith litigation tactics or motives; it was a simple calendaring error following the transfer of venue. In addition to the change of venue moving this matter to a new court, the case was also transferred to the U.S. Attorney's Office for the Western District of Michigan, where counsel diligently began to work on this matter and prepare a responsive pleading. (*See* Exs. 1–3.) Moreover, Defendants filed this motion and the attached responsive pleading (Exhibit 3) within one business day of receiving the Order to Show Cause. Defendants have actively defended its position in this litigation through the motion to dismiss filed in the District Court for the District of Columbia and has prepared a motion to dismiss and a draft joint status report. (*See* Exs. 1–3.) Thus, entry of default would also be inappropriate because Defendants have not failed to otherwise defend as set forth in Rule 55(a) of the Federal Rules of Civil Procedure. *See Mann v. Mohr*, 802 F. App'x 871, 877 (6th Cir. 2020) (affirming the district court's order permitting defendants to file an answer seven-weeks late because there was no prejudice to the plaintiff or evidence of bad faith by the defendants, and the defendants would have been entitled to have a default judgment set aside if the court had not allowed the late-filed answer). Moreover, a default is not appropriate because Plaintiff cannot establish a right to relief, as discussed in Defendants' motion to dismiss. (Ex. 3, Mot. and Memo. in Support of Mot. to Dismiss.)

The factors support a finding of excusable neglect and good cause to grant Defendants' motion to extend time. This is particularly true because Defendants have actively defended this case under Rule 55(a), the Court has not issued a scheduling order, and the parties have not yet conducted any discovery on Plaintiff's claims. Under these circumstances, there would be

insufficient evidence in the record to satisfy the standard for entering a default judgment against an agency or officer of the United States under Rule 55(d). *See Johnson v. Edgar*, No. 2:14-CV-256, 2015 WL 869320, at *4 (Feb. 27, 2015) (finding that any request for a default would be denied because, among other things, the plaintiff "failed to establish a claim or right to relief, which is a requirement before a default can be entered against the United States" under Rule 55(d)). Plaintiff cannot provide such evidence.

**CONCLUSION**

For these reasons, Defendants respectfully requests that the Court grant their motion and permit them to file their motion to dismiss Plaintiff's complaint December 23, 2024.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: December 23, 2024

/s/ *Carolyn A. Almassian*
CAROLYN A. ALMASSIAN (P63229)
Assistant United States Attorney
Post Office Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404
Carolyn.Almassian@usdoj.gov
Attorney for Defendant