UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STACEY PILLING,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD AUSTIN, as U.S. SECRETARY OF DEFENSE, and PETER FOREMAN individually and in his official capacity,<br><br>Defendants.<br>_______________________________/ | Case No. 1:24-cv-01293<br><br>Hon. Hala Y. Jarbou<br>U.S. District Chief Judge<br><br>Hon. Phillip J. Green<br>U.S. Magistrate Judge |

**JOINT STATUS REPORT**

In accordance with the Court's Order Regarding Preparation of Joint Status Report, (Order, ECF No. 23, PageID.6–9), counsel for Plaintiff and Defendants discussed the preparation of this Report and hereby submits the following:

1. Jurisdiction: Plaintiff alleges a hostile work environment based on her sex in her employment against the federal defendant under Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq*.

2. Jury or Non-Jury: Plaintiff's Title VII claim is to be tried by the Court as a trier of law and fact. Tort claims under the Federal Tort Claims Act, 28 U.S.C. § 2679, *et seq*., are to be tried by the Court.

3. Judicial Availability: Plaintiff consents to a United States Magistrate Judge conducting further proceedings in this case, including trial, and to order the entry of final judgment. Defendant does not consent to a United States Magistrate Judge conducting further proceedings in this case, including trial, and to order the entry of final judgment.

4. Statement of the Case: This case involves:

A) Plaintiff's position: Plaintiff Stacey Pilling brings this civil action against the United States Secretary of Defense, Lloyd Austin, and Peter Foreman, both individually and in his official capacity, alleging violations of Title VII of the Civil Rights Act of 1964 as well as claims of battery and intentional infliction of emotional distress.

The Plaintiff was employed by the Department of Defense (DOD) at the Defense Logistics Agency (DLA) in Battle Creek, Michigan, beginning in January 2016. She was promoted to Director of Resource Management in July 2020. During her tenure, Plaintiff alleges she was subjected to pervasive sexual harassment, a hostile work environment, and gender-based discrimination perpetrated primarily by Defendant Peter Foreman, Chief of Staff of DLA Disposition Services.

Plaintiff asserts that the harassment included demeaning comments about her clothing, repeated disparagement of her professional capabilities, and humiliating pranks designed to embarrass her publicly. Specific incidents include Foreman's use of inappropriate remarks about bodily functions, the placement of a "fart machine" and a "fart bomb" in her workspace, and physical contact, such as placing the Plaintiff in a headlock against her objections. Plaintiff also alleges that Defendant Foreman threw a live cockroach at her and left a dead bat on her desk.

Plaintiff contends that her complaints about the harassment were ignored or mishandled by DLA officials and Human Resources, resulting in no meaningful investigation or corrective action until April 2022, when the Office of the Inspector General (OIG) initiated an inquiry. The investigation substantiated Plaintiff's claims, yet no disciplinary actions against Defendant Foreman were finalized or communicated to Plaintiff.

Plaintiff further alleges that she exhausted all administrative remedies, including contacting the Equal Employment Opportunity Office (EEO) and filing a formal complaint.

However, she received no confirmation of her complaint status or the issuance of a right-to-sue letter, which she argues should not preclude her claims given the agency's failure to act upon substantiated findings.

Based on the above allegations, Plaintiff seeks monetary damages for the emotional distress, humiliation, and physical injuries she suffered, as well as compensatory damages for lost wages and earning capacity. She asserts claims for sexual harassment and hostile work environment under Title VII, battery, and intentional infliction of emotional distress.

Plaintiff demands a jury trial and seeks damages in the amount of $3,000,000.00, along with interest, costs, and attorney's fees.

B) Defendants' position: Plaintiff alleges that her supervisor subjected her to sex-based harassment at work. Specifically, Plaintiff's supervisor, Peter Foreman, allegedly made disparaging comments to Plaintiff and mocked her choice of clothing and shoes, as well as comments about Plaintiff's bodily functions when she used the restroom. Foreman also made, according to Plaintiff, disparaging comments about her intellect. But Plaintiff's Complaint should be dismissed. Plaintiff failed to exhaust her administrative remedies – Defendants have no record of her filing an EEO complaint – and she failed to exhaust her administrative remedies. Even if Plaintiff filed an EEO complaint on November 19, 2023, as alleged in the Complaint, her Complaint is premature because she filed it less than 180 days after her formal complaint. The Complaint also fails to plausibly allege that her supervisor's actions were due to her sex, as Title VII requires. Plaintiff alleges tort claims that the Court should also dismiss. The Complaint fails to name the United States as a defendant, Plaintiff did not exhaust her administrative remedies, and the Federal Tort Claims Act, 28 U.S.C. § 2680(h), does not waive the United States' sovereign immunity for Plaintiff's battery and intentional infliction of emotional distress claims.

5. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

The parties have not discussed settlement, although discussions of settlement were brought up by Plaintiff's counsel with the previously assigned Assistant U.S. Attorney while the case was venued in the United States District Court of the District of Columbia.

6. <u>Pendent State Claims</u>: This case does not include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties do not anticipate filing any motions for joinder of parties to this action or to amend the pleadings.

8. <u>Disclosures and Exchanges</u>:

(a) Fed. R. Civ. P. 26(a)(1) requires initial discloses unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

Defendants filed a motion to dismiss (ECF Nos. 33, 34, PageID.72–109), and the parties do not believe discovery is necessary or an appropriate use of the parties' resources pending resolution of that motion. If the Court denies Defendants' motion, the parties agree to the schedule listed below:

For both parties: 30 days after the Court issues an order on Defendants' dispositive motion.

(b) Plaintiff expects to be able to furnish the name of her expert witness(es) 45 days after the Court's order on Defendants' dispositive motion. Defendants expect to be able to furnish the names of their expert witness 60 days after the Court's order on Defendants' dispositive motion.

(c) It would be advisable in this case to exchange written expert reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports should be exchanged according to the following schedule:

Plaintiff's expert reports: to be determined.

Defendants' expert reports: to be determined.

(d) The parties have agreed to make available the following documents without the need of a formal request for production:

From Plaintiff to Defendant: 30 days after the Court's order on Defendants' dispositive motion.

OIG investigation documents in the Plaintiff's possession, documents related the workplace harassment that the Plaintiff endured during her tenure with DLA, and emails from the Plaintiff's counsel to EEO administrator Brenda Flemming

From Defendants to Plaintiff: 30 days after the Court's order on Defendants' dispositive motion

Plaintiff's administrative file.

9. Discovery: The parties request that the Court delay discovery until after it issues an order on Defendants' dispositive motion to preserve the parties' resources and set a discovery deadline of five months after the order on Defendants' motion.

The parties intend to conduct written discovery and depositions focused on Plaintiff's work experiences with Defendants. The parties agree to the presumptive limitations on discovery and believe that discovery should not be conducted in phases.

10. Disclosure or Discovery of Electronically Stored Information: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: Electronically stored information will be produced in accordance with Federal Rules of Civil Procedure 26 and 34.

11. Assertion of Claims of Privilege or Work-Product Immunity After Production: The parties have not agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery. However, the parties agree that inadvertent disclosures do not waive the privilege.

12. Motions: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to

resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

A) Plaintiff: Motion for Summary Judgment in favor of the Plaintiff.

B) Defendants: Motion to dismiss or alternatively for summary judgment in lieu of an answer filed on December 27, 2024. (ECF Nos. 33, 34, PageID.72–109.)

13. Alternate Dispute Resolution:

A) Plaintiff: The Plaintiff believes that there could potentially be a benefit to submitting this matter for alternative dispute resolution. The Plaintiff's counsel has had a positive experience with this program during the course of his practice and believes that there is always a possibility of a settlement through the program.

B) Defendants: The Defendants recommend that this case not be submitted to alternative dispute resolution. Given the relief sought in the Complaint, Defendants do not expect that Alternative Dispute Resolution would narrow the issues or resolve the litigation, and do not believe it would be an efficient use of party or judicial resources.

14. Length of Trial: Counsel estimate the trial will last approximately 5 days total, allocated as follows: 3 days for Plaintiff's case, 2 days for Defendants' case.

15. Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying

with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. Other: None.

Respectfully submitted,

Dated: January 3, 2025

EZRA GLASER
Ezra B. Glaser & Associates
3021 Fort Hamilton Parkway, Suite 1R
Brooklyn, MY 11218
(212) 385-9300
Ezra@ebgassociates.com
Attorneys for Plaintiff[1]

MARK A. TOTTEN
United States Attorney

Dated: January 3, 2025

*/s/ Carolyn A. Almassian*
CAROLYN A. ALMASSIAN
Assistant United States Attorney
Post Office Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Carolyn.Almassian@usdoj.gov
Attorney for Defendants

[1] Please note that the Plaintiff's attorney is currently in the process of being admitted to the Western District of Michigan. The Plaintiff's attorney is currently awaiting his sponsorship form from his sponsoring Judge and anticipates filing an application for admission next week.